# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.W. and K.D.**

**No. 13-0887** (Clay County 12-JA-102 and 12-JA-103)

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Wayne King. Her appeal arises from the Circuit Court of Clay County, which terminated her parental rights to the subject children by order entered on August 7, 2013. The guardian ad litem for the children, Michael Asbury Jr., filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by making findings of fact and conclusions of law that did not support termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed a petition that initiated the instant abuse and neglect case. The petition alleged that petitioner's drug use threatened the health, safety, and welfare of the subject children. The DHHR alleged, inter alia, that petitioner tested positive for marijuana, benzodiazepine, and oxymorphone on one occasion and, on another occasion, appeared at the Clay County Ambulance Service with slurred speech and white powder residue under her nose, all while in the presence of her children. Petitioner admitted that she had taken Xanax, but failed to produce a prescription for it. In August of 2012, petitioner stipulated to the allegations in the petition and the circuit court granted her a six-month post-adjudicatory improvement period with the requirement that she comply with services. In the spring of 2013, the DHHR filed a motion to terminate petitioner's improvement period, arguing that petitioner failed to participate in services or visit with her children.

At the hearing on this motion, the circuit court heard testimony from the family's Child Protective Services ("CPS") worker that petitioner had not participated in visitation or drug rehabilitation services since February of 2012. Petitioner was absent from the hearing but was represented by counsel, who cross-examined the DHHR's only witness and argued on petitioner's behalf. The circuit court terminated petitioner's improvement period and, ultimately, terminated her parental rights. In its August 7, 2013, order the circuit court found that petitioner failed to comply with a reasonable family case plan and remained addicted to unprescribed controlled substances. Petitioner now appeals this termination order.

1

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court's findings of fact and conclusions of law did not support the termination of her parental rights. Petitioner argues that the circuit court should not have terminated her improvement period because the evidence indicated that she could have meaningfully participated in the continuation of her improvement period. Petitioner also asserts that she was not given proper notice of the hearing on the DHHR's motion to terminate her improvement period. However, the record indicates that petitioner's counsel received notice of the hearing and was present at the hearing to cross-examine witnesses and present argument. Petitioner's counsel did not previously object to petitioner's absence at this hearing.

Upon our review, we find no error by the circuit court in terminating petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), a parent's failure to respond to a reasonable family case plan or other rehabilitative efforts constitutes circumstances in which there is no reasonable likelihood that conditions of abuse or neglect can be substantially corrected. Our review of the hearing transcript on the DHHR's motion to terminate petitioner's improvement period includes the CPS worker's testimony on petitioner's involvement in this case. The CPS worker testified that petitioner failed to comply with services, such as refusing to attend intensive outpatient drug rehabilitation and cancelling visits with her children. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II